1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LOUIS TOLEDO RETANAN,

11              Plaintiff,                    No. CIV-S-11-2436 CKD P

12        vs.

13   SACRAMENTO COUNTY
     SHERIFF'S DEPT., et al.,

14

15              Defendants.                  ORDER

16   _____/

17              Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

18   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

20   § 636(b)(1) and plaintiff has consented to all proceedings in this matter being held before a

21   United States Magistrate Judge.  See 28 U.S.C. § 636(c).

22              Plaintiff has submitted a declaration that makes the showing required by 28

23   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

24   Plaintiff is still required to pay the statutory filing fee of $350.00.  28 U.S.C. §§ 1914(a),

25   1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial

26   partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

1  granted, the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200

2  (2007), and construe the complaint in the light most favorable to the plaintiff, <u>see</u> <u>Scheuer v.</u>

3  <u>Rhodes</u>, 416 U.S. 232, 236 (1974).

4          In his complaint, plaintiff asserts he mailed a DVD to the Sacramento County

5  Sheriff's Department in January of 2003.  Plaintiff sought return of the DVD in 2010 but the

6  DVD was not returned.  Apparently, plaintiff believes the DVD contains exculpatory evidence

7  regarding his present conviction.  Plaintiff seeks return of the DVD and damages.

8          Plaintiff fails to state an actionable federal claim.  The main problem with

9  plaintiff's complaint is that he fails to point to anything suggesting defendants are violating any

10  laws by keeping the DVD which plaintiff gave to them.  Even if the failure to return the DVD to

11  plaintiff amounts to an unlawful deprivation of property, plaintiff has no federal cause of action

12  unless he can show the deprivation was authorized, intentional and carried out pursuant to

13  established state procedures, regulations, or statutes, <u>Piatt v. McDougall</u>, 773 F.2d 1032, 1036

14  (9th Cir. 1985), which plaintiff has not shown.[1]

15          In accordance with the above, IT IS HEREBY ORDERED that:

16          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

17          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

18  All fees shall be collected and paid in accordance with this court's order to the Director of the

19  California Department of Corrections and Rehabilitation filed concurrently herewith.

20  \\\\

21  \\\\

22  \\\\

23  \\\\

24  \\\\

25

26      [1] Plaintiff is informed that he may have recourse through the state court criminal action resulting in his conviction.

1          3.  Plaintiff's complaint is dismissed for failure to state a claim upon which relief

2   can be granted.

3          4.  This case is closed.

4   Dated: October 11, 2011

5

6                                                    CAROLYN K. DELANEY
                                                     UNITED STATES MAGISTRATE JUDGE
7

8

9

10  1
    reta2436.dis

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26